# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALPHONSO A. SWABY, et al.,<br><br>　　　　Defendants. | Case No. CV 10-4269-GAF (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On June 21, 2010, Jason Saunders ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

1  alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,
2  901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on
3  which relief may be granted, allegations of material fact are taken as true and construed in
4  the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
5  1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual
6  allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of
7  a civil rights complaint may not supply essential elements of the claim that were not initially
8  pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
9  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

10       Although a complaint "does not need detailed factual allegations" to survive
11 dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic
12 recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly,
13 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in
14 Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations
15 sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely
16 possible or conceivable. Id. at 557, 570.

17       Simply put, the complaint must contain "enough facts to state a claim to relief that is
18 plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents
19 enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v.
20 Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009). This standard is not a probability
21 requirement, but "it asks for more than a sheer possibility that a defendant has acted
22 unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops
23 short of the line between possibility and plausibility. Id.

24       In a pro se civil rights case, the complaint must be construed liberally to afford
25 plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,
26 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a
27 claim, the plaintiff should be given a statement of the complaint's deficiencies and an
28 opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that Plaintiff has failed to state a claim on which relief may be granted and **ORDERS** the Complaint **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

In his Complaint, Plaintiff alleges the following:

> Defendants continue to retaliate against Plaintiff for 1st Amendment activities, have deprived him of due process, tampered with his mail, subjected him to cruel & unusual punishment by deliberately denying him adequate & responsive medical care & through inciting high propensity of his stabbing assault by inmates known to pose inherent risks to his personal safety & health. Life threatening illness has come upon Plaintiff causing his plight, wanton suffering & continuous infection. He has been denied care likely to result in death in the absence of prompt judicial intervention. Namely, defendants refuse to properly treat his severe and potentially fatal condition & in retaliation are attempting to cause his transfer to a location known to result in fatality. Plaintiff has further been denied the benefits of services & has been discriminated against for his disabilities.

Complaint at 5.[1] Although Plaintiff identifies approximately thirty-seven defendants plus twenty-five Doe defendants, he never specifies the particular wrongful acts allegedly committed by each defendant.

## DISCUSSION

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

---

[1] Not all of the pages of the Complaint are numbered. Accordingly, the Court has numbered them sequentially as pages 1 through 6.

## I. Plaintiff Must Name All Defendants In the Caption

Plaintiff names four defendants in the caption of the Complaint. (Complaint at 1.) In the body of the Complaint, however, Plaintiff identifies numerous additional defendants. (Complaint at 3-4.)

The individuals or entities named as "defendants" only in the body of the Complaint have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he must include in the caption the names of each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). Because Plaintiff has identified numerous defendants, he may attach a page 1-A to his amended complaint listing all defendants whose names cannot fit in the proper space on page 1. The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

## II. Plaintiff Must Comply With Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a) states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

4

Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in the complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

The Complaint does not contain a short and plain statement of Plaintiff's claims sufficient to provide any defendant with notice of his allegedly wrongful acts. See, e.g., Brazil, 66 F.3d at 199. In fact, it is difficult even to discern the claims that Plaintiff is bringing. It appears Plaintiff is attempting to plead claims for deliberate indifference, retaliation, due process violations, and disability discrimination. All of these claims, however, are pled in a single paragraph and are wholly conclusory. Plaintiff must plead each of his claims separately, must set forth the specific constitutional violations at issue, and must include specific facts that support each claim.

Moreover, Plaintiff must state how each defendant participated in the wrongdoing alleged. As presently pleaded, the Complaint never identifies a particular act that was committed by a particular defendant. To state a claim against a defendant for violation of Plaintiff's civil rights under 42 U.S.C. § 1983, he must allege that each defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If Plaintiff chooses to file an amended complaint, he should articulate each claim separately. He must state the constitutional right that was violated by each defendant and state specific facts demonstrating how the violation occurred.[2]

---

[2] It also is not clear whether Plaintiff's claims are based on any theory of respondeat superior or vicarious liability. Supervisory personnel generally are not liable under § 1983

**III.     Plaintiff Fails to State an Eighth Amendment Claim**

Plaintiff claims that unknown defendants "subjected him to cruel & unusual punishment by deliberately denying him adequate & responsive medical care & through inciting high propensity of his stabbing assault by inmates known to pose inherent risks to his personal safety & health.  Life threatening illness has come upon Plaintiff causing his plight, wanton suffering & continuous infection."  He further states that "[h]e has been denied care likely to result in death . . . namely defendants refuse to properly treat his severe and potentially fatal condition."  (Complaint at 5.)  Based on these statements, it appears Plaintiff is alleging that defendants were deliberately indifferent to his serious medical needs and failed to protect him from assault by other inmates, in violation of the Eighth Amendment.

A prison official is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1970).

**A.     Deliberate Indifference to Serious Medical Needs**

Deliberate indifference may be manifested by the intentional denial, delay, or interference with the plaintiff's medical care, or by the manner in which the medical care was provided.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).

---

on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability.  See Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 502 U.S. 1074 (1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  A supervisory official may be liable under § 1983 only if the official was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).  Accordingly, Plaintiff's claims would be insufficient to state a federal civil rights claim against any supervisory defendant, to the extent they are based on respondeat superior or vicarious liability.

1  However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or
2  medical needs.  See McGuckin, 974 F.2d at 1060.  Thus, neither an inadvertent failure to
3  provide adequate medical care, nor mere negligence or medical malpractice, nor a mere
4  delay in medical care (without more), nor a difference of opinion over proper medical
5  treatment, is sufficient to violate the Eighth Amendment.  See Estelle, 429 U.S. at 105-06;
6  Wakefield, 177 F.3d at 1165; see also Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
7  Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).

8       Here, Plaintiff alleges that his right to medical care was violated because unspecified
9  individuals on unspecified dates failed to provide him with adequate treatment for an
10 unidentified "severe and potentially fatal condition."  Plaintiff has failed to plead facts
11 demonstrating what his medical needs were, much less that prison medical personnel
12 purposefully ignored or failed to respond to those needs.  Accordingly, Plaintiff has failed to
13 state a claim for inadequate medical care under the Eighth Amendment.  Should Plaintiff
14 choose to file an amended complaint, he must set forth specific facts, rather than legal
15 conclusions or a mere recitation of the elements, in order to state a claim for deliberate
16 indifference.

17     **B.**    **Failure to Protect**

18      "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of
19 other prisoners."  Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (internal
20 quotations and citations omitted).  To prevail on an Eighth Amendment failure-to-protect
21 claim, a plaintiff must demonstrate facts that satisfy the two-part test showing that the
22 defendant was deliberately indifferent.  First, the plaintiff must prove that objectively he
23 suffered a sufficiently serious deprivation.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).
24 Second, he must prove that the defendant had a culpable state of mind – was deliberately
25 indifferent – in allowing the deprivation to occur.  Id. at 299.

26      Again, a prison official has a sufficiently culpable mind if he "knows of and disregards
27 an excessive risk to inmate health or safety; the official must both be aware of facts from
28 which the inference could be drawn that a substantial risk of serious harm exists, and [the

1 official] must also draw the inference." Farmer, 511 U.S. at 837. Where an inmate's claim
2 is based on the alleged failure to prevent harm, the inmate may satisfy the "sufficiently
3 serious" requirement by showing the existence of "conditions posing a substantial risk of
4 serious harm" to him. Id. at 834. To prove knowledge of the risk, the prisoner may rely on
5 circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to
6 establish knowledge. See id. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir.1995).

7 Here, Plaintiff states that unknown defendants were deliberately indifferent "through
8 inciting high propensity of [Plaintiff's] stabbing assault by inmates known to pose inherent
9 risks to his personal safety & health." (Complaint at 5.) These allegations are insufficient.
10 Again, in order to state an Eighth Amendment failure-to-protect claim, Plaintiff must set forth
11 specific facts that establish each of the elements of a deliberate indifference claim.

**IV.     Plaintiff Fails to State a Due Process Claim**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. "There is no single standard for determining whether a prison hardship is atypical and significant, and the 'condition or combination of conditions or factors . . . requires case by case, fact by fact consideration.'" Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citation omitted). "If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process." Id. at 860.

Although Plaintiff claims defendants "have deprived him of due process," it is unclear how this occurred. It is possible that Plaintiff is claiming that his due process rights were violated when unknown defendants "tampered with his mail." (Complaint at 5.) If Plaintiff is

attempting to make additional due process claims, they are indiscernible. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff, 418 U.S. at 556, and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). A negligent deprivation of property does not violate due process when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional unauthorized deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov. Code §§ 810-895). Plaintiff must set forth facts showing what happened to his mail and how this violated his due process rights in light of the standards articulated above.

**V.  Plaintiff Fails to State a Retaliation Claim**

In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citations omitted). Plaintiff has the initial burden of proving that the exercise of his First Amendment rights was a substantial or motivating factor behind defendant's conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Plaintiff need not show an actual chilling effect, only that defendants' actions "would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568-69 (internal quotations, citations and emphasis omitted). A claim of retaliation against a

1  prisoner's First Amendment rights is actionable even if the acts, when taken for different
2  reasons, would have been proper. Mt. Healthy, 429 U.S. at 283-84.
3       Plaintiff alleges that unnamed "[d]efendants continue to retaliate against Plaintiff for
4  1st Amendment activities." Later he states that unnamed defendants are attempting to
5  transfer Plaintiff to another institution "in retaliation," but the alleged retaliatory motive is
6  unclear. (Complaint at 5.) Thus, the factual basis for Plaintiff's retaliation claim is lacking.
7  Plaintiff must show how particular defendants undertook "adverse action" against Plaintiff
8  and that retaliation for his engaging in protected activity was a substantial or motivating
9  factor behind that conduct. Plaintiff also must allege facts demonstrating that he suffered
10 harm as a result of the alleged retaliation. As presently stated in the Complaint, Plaintiff's
11 allegations do not rise above the "speculative level," Twombly, 550 U.S. at 555. Plaintiff
12 does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at
13 570.

**VI. Plaintiff Fails to State a Disability Discrimination Claim**

15      Plaintiff states that he has been "denied the benefits of services & has been
16 discriminated against for his disabilities." (Complaint at 5.) Based on this wording, it
17 appears that Plaintiff is attempting to state a claim under the Americans With Disabilities Act
18 ("ADA") and/or the Rehabilitation Act ("RA"). Title II of the ADA and § 504 of the RA "both
19 prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052
20 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall,
21 by reason of such disability, be excluded from participation in or be denied the benefits of
22 the services, programs, or activities of a public entity, or be subject to discrimination by such
23 entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified
24 individual with a disability . . . shall, solely by reason of her or his disability, be excluded
25 from the participation in, be denied the benefits of, or be subjected to discrimination under
26 any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794. Title
27 II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of

Corrections v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1988)).

Plaintiff fails to state a cognizable ADA or RA claim. Treatment or lack of treatment for Plaintiff's medical issues does not provide a basis upon which to impose liability. See Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (finding medical treatment not basis for ADA claims); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1294 (11th Cir. 2005) (finding RA, like ADA, was never intended to apply to decisions involving medical treatment); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (finding medical decisions not ordinarily within scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Any claim by Plaintiff that defendants violated the ADA and RA by denying Plaintiff medical care does not state a claim.

To the extent that Plaintiff claims that unknown defendants violated the ADA and RA by denying "the benefits of services," Plaintiff has failed to allege particular actions by particular defendants that resulted in a denial of the prison's services, programs, or activities. Moreover, even if Plaintiff can plead that he was excluded from a prison's services, programs, or activities, he also must allege sufficiently that these actions were taken because of his disability. Labeling an action "discriminatory," without more, is a legal conclusion, which is not sufficient to state a cognizable claim. Iqbal, 129 S. Ct. at 1949.

<center>* * * * * * * * *</center>

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit. Plaintiff must write legibly.

///
///
///
///
///


1 **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**
2 **deadline set herein, the Court will recommend that this action be dismissed on the**
3 **grounds set forth above for failure to prosecute and for failure to comply with a Court**
4 **order.**

6 DATED: <u>July 2, 2010</u>          <u>     */s/ John E. McDermott*     </u>
                                         JOHN E. MCDERMOTT
7                                        UNITED STATES MAGISTRATE JUDGE